IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-19-487 |
| | * | |
| TEON JEFFERSON | | |

*******

## MEMORANDUM AND ORDER

Federal defendant Teon Jefferson has filed a motion seeking reconsideration of the detention order issued by Magistrate Judge Thomas DiGirolamo on January 29, 2020. The motion, which will be treated as an appeal, has been fully briefed and no further hearing is necessary. For the reasons set forth below, the motion will be Denied.

Preliminarily, the court adopts the reasoning of Judge Paul W. Grimm set forth in his recent ruling in *United States v. Martin*, No. CR PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020). *See also U.S. v. Bilbrough*, TDC-20-033-3, ECF 76 (Order by Magistrate Judge Timothy J. Sullivan). The first step is to undertake an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. Sec. 3142(g), based on the record in front of Judge DiGirolamo. The court will then turn to the changed circumstances proffered by Jefferson.

Jefferson is charged with possession of a firearm by a convicted felon. At his detention hearing, the judge found by clear and convincing evidence based on the government's proffer that Jefferson posed a risk to the safety of other persons and the community, and that there were no conditions or combination of conditions that would reasonably assure community safety. He explained:

> On 6/29/19 police responded to a report of shots fired. Police observed [defendant] in the area. [Defendant] ran when saw police. As he ran, [defendant] threw an object. Object turned out be a gun. [Defendant] admitted possession of the gun. Offense occurred less than 2 months after [defendant] placed on probation for a felony CDS offense. No suitable 3rd party custodian"

ECF 17.  None of these circumstances have changed. Defense counsel proffers that, because Jefferson is asthmatic, his continued detention at the DC Jail/Correctional Treatment Facility ("CTF") poses an unacceptable health risk that should result in release to home confinement with location monitoring.  No new third-party custodian has been identified, however, and location monitoring by PreTrial Services is a particularly scarce resource under the current conditions.[1]  As the government explains in detail, precautionary measures have been implemented at CTF in light of the COVID-19 pandemic.

The court recognizes the sincere concern undoubtedly felt by Jefferson, his family, and his counsel in these very difficult circumstances.  Upon a de novo review of the record, however, I find that Judge DiGirolamo's ruling was correct, and that, even taking into account Jefferson's medical condition and the COVID-19 outbreak, there remain no conditions or combination of conditions that would reasonably assure the safety of the community if Jefferson were released. Finally, the current conditions of Jefferson's confinement at CTF do not rise to the level of a constitutional violation such as to override the Bail Reform Act.

Accordingly, the motion (ECF 22) is Denied.

So Ordered this __23rd__ day of March, 2020.

                                               /S/
                                    Catherine C. Blake
                                    United States District Judge

---

[1] Jefferson proposes to live with his mother, a home health care worker, and two younger siblings.  It is not at all clear that this situation would not pose a health risk to both Jefferson and the community.